

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

January 26, 1965

Honorable James E. Barlow
Criminal District Attorney
Bexar County
San Antonio, Texas

Opinion No. C-382

Re: Whether it would be constitu-
tionally and statutorily sound
for Bexar County Hospital Dis-
trict to admit patients who are
neither needy nor indigent,
and who are fully able to pay
for any medical care rendered
Dear Mr. Barlow:           by the Hospital District.

You have requested the opinion of this office as to
whether it would be constitutionally and statutorily sound for
Bexar County Hospital District to admit patients to its facil-
ities who are neither needy nor indigent, and who are fully
able to pay for any medical care rendered by the Hospital Dis-
trict.

The Bexar County Hospital District is organized under
the provisions of Article 4494n, Vernon's Civil Statutes. This
statute, enacted pursuant to the authority granted by Article
IX, Section 4, Texas Constitution, contains no specific grant
of power to furnish care to anyone other than indigent and needy
persons in Bexar County. However, Article 4494n, Section 14,
does contain the following language:

"Sec. 14. Whenever a patient has been
admitted to the facilities of the Hospital Dis-
trict from the county in which the District is
situated, the Administrator shall cause inquiry
to be made as to his circumstances, and of the
relatives of such patient legally liable for his
support. If he finds that such patient or said
relatives are liable to pay for his care and
treatment in whole or in part, an order shall be
made directing such patient, or said relatives
to pay to the treasurer of the Hospital District
for the support of such patient a specified sum

per <u>week, in proportion to their financial abili-</u>
<u>ty, but such sum shall not exceed the actual per</u>
<u>capita cost of maintenance.</u> . . ." (Emphasis
supplied).

Under Article 4478, Vernon's Civil Statutes, a county may establish a hospital for the care and treatment of all the ill persons in the county. A hospital district established under Article 4494n takes over the county system previously established under Article 4478, and the hospital district thenceforth carries out all the duties and obligations the county previously had for the care and treatment of "<u>persons suffering from any illness, disease or injury.</u>" (Emphasis supplied).

The foregoing language indicates clearly that a patient should not be refused admittance to the hospital facilities simply because he may be able to pay for his care, either in whole or in part. The Administrator of the Hospital District has the affirmative duty of determining the extent of each patient's ability to pay, and the further duty of collecting such sums as may be expended for a patient's care and maintenance, not to exceed the actual costs.

It must be here noted that the primary function of the Hospital District is the furnishing of medical and hospital care for the indigent and the needy of the county, and that such function must take precedence over all others. It must also be noted that, when a patient has been admitted who is fully able to pay, the Administrator may not permit him to pay less than the full and actual cost of his care and maintenance. An excellent discussion of the effect of failure to charge the full and actual costs when a patient has been found able to pay may be found in <u>Goodall</u> vs. <u>Brite</u>, 54 P.2d 510 (Calif. D.C. App. 1936). Permitting such patients to pay less than the actual cost of their care would constitute a donation of public funds, in contravention of Article III, Section 51, Texas Constitution.

## SUMMARY

A Hospital District organized under Article 4494n, V.C.S., may admit patients to its facilities who are neither needy nor indigent, and who are fully able to pay for any medical care rendered them, provided that the Hospital District gives priority at all times to its primary function of rendering medical and hospital care to needy or indigent residents of the county.

Patients, who are fully able to pay for medical care, and are admitted to the facilities of the Hospital District must be charged no less than the actual per capita cost of their medical care and maintenance.

Yours very truly,

WAGGONER CARR
Attorney General

By Malcolm L. Quick
Assistant

MLQ:ms

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Harold Kennedy
Arthur Sandlin
W. O. Shultz

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone